IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ADAM NATHANIEL BROCKUS, | * |
| | * |
| Plaintiff, | * |
| vs. | *   No. 4:11-cv-00825-SWW |
| | * |
| | * |
| MICHAEL J. ASTRUE, Commissioner | * |
| of Social Security Administration, | * |
| | * |
| Defendant. | * |

OPINION AND ORDER

Plaintiff Adam Nathaniel Brockus seeks judicial review of the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons stated below, the Court affirms the Commissioner's decision.

I.

Plaintiff was born on October 16, 1984, and has a 10th grade education (in "special classes") (Tr. 26, 28, 32). He has past work that consisted of blueberry picker, a cook, meat packing, and telemarketing (Tr. 28-29). Plaintiff, however, did not work at these jobs for a sufficient amount of time to establish substantial gainful activity (Tr. 12, 29).

Plaintiff applied for DIB and SSI on November 2, 2009, alleging disability since October 16, 1984, due to blindness in his left eye and a learning disability (Tr. 6, 25, 122-129). The Commissioner denied Plaintiff's applications initially and on reconsideration (Tr. 42-48, 54-57). Pursuant to Plaintiff's request, a hearing was held before an

administrative law judge (ALJ) on April 26, 2011, at which testimony was received from Plaintiff (who was represented by an attorney) and a vocational expert (VE) (Tr. 24-37).

The ALJ rendered her decision on May 25, 2011, finding that Plaintiff was not disabled within the meaning of the Act (Tr. 10-21). The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work[1]; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). See also *Jones v. Astrue*, 619 F.3d 963, 967 (8th Cir. 2010).[2]

In her decision, the ALJ found that Plaintiff had severe impairments consisting of exotropia, anisomatropia, amblyopoia and a history of strasbismus surgery on his left eye; borderline intellectual functioning and substance addiction disorder (drugs), but that

---

[1] If it is determined at step four that the claimant has sufficient residual functional capacity (RFC) to perform past relevant work, the inquiry ends and benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[2] At step five, the burden of production shifts to the Commissioner to prove that the claimant retains the RFC to do other kinds of work and that other work exists in substantial numbers in the national economy that the claimant can perform given his RFC. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). However, the ultimate burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five. *Id*.

Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of an impairment found in the Appendix 1 Listing of Impairments (Tr. 12-13). The ALJ found that Plaintiff has the RFC

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant would not be able to perform work requiring excellent vision, but he could see to avoid hazards (such as, boxes, doors ajar and other people) and he must avoid driving at night. In addition, the claimant would be limited to unskilled work where interpersonal contact was incidental to work performed; the complexity of tasks was learned and performed by rote, with few variable[s] and little judgment; and the supervision required was simple, direct and concrete (Tr. 15).

The ALJ determined that Plaintiff had no past relevant work but that Plaintiff was able to perform other work existing in significant numbers in the national economy, such as motel cleaner (125,000 in the regional economy and 880,000 in the national economy) (Tr. 19-20). Accordingly, the ALJ concluded that Plaintiff was not disabled (Tr. 21).

Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council. On September 16, 2011, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision as the Commissioner's final administrative decision for purposes of judicial review (Tr. 1-3). Plaintiff thereafter filed this action seeking judicial review of the final decision of the Commissioner to deny his claim for DIB and SSI.

II.

Plaintiff argues for reversal of the Commissioner's decision on the following grounds: (1) the ALJ erred in failing to consider the combined effects of Plaintiff's

impairments; and (2) the ALJ failed to evaluate the severity of Plaintiff's mental impairments listed in 20 C.F.R. pt. 404, Subpt. P, App. 1, §§ 12.04 and 12.06.

A.

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Slusser v. Astrue,* 557 F.3d 923, 925 (8th Cir. 2009). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue,* 480 F.3d 885, 886 (8th Cir. 2007). In reviewing the record as a whole, the Court must consider both the evidence that detracts from the Commissioner's decision as well as the evidence that supports the decision, but the decision cannot be reversed simply because some evidence may support the opposite conclusion. *Medhaug v. Astrue,* 578 F.3d 805, 813 (8th Cir. 2009).

B.

1.

Plaintiff first argues that the ALJ erred in failing to consider the combined effects of his impairments. This argument is without merit as the ALJ found that Plaintiff had severe impairments consisting of exotropia, anisomatropia, amblyopoia and a history of strasbismus surgery on his left eye; borderline intellectual functioning and substance addiction disorder (drugs) and the Court finds that the ALJ evaluated the combined effects of these impairments (and their severity) in formulating her RFC assessment. In this respect, the ALJ's RFC assessment is adequately supported by the medical evidence

and the ALJ made proper credibility determinations. The ALJ did not err in determining that Plaintiff had the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations.

2.

Plaintiff next argues that the ALJ failed to evaluate the severity of his mental impairments in Listing 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders). Plaintiff appears to argue that his mental impairments meet or equal Listings 12.04 and 12.06.

Plaintiff has the burden of proof to establish that his condition meets or equals a listing. *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). In order to meet a listing, the impairment must meet or equal all specified medical criteria. *Id*. (citing *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995)). Merely being diagnosed with a condition named in a listing and meeting some of the criteria will not qualify a claimant for presumptive disability under the listing. *Id*. at 611-612. "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify." *Id*. at 612 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).

Plaintiff argues that he suffers from depression and that his depression meets or equals Listing 12.04C. Plaintiff, however, failed to show a "[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities ..." See 20 C.F.R. Part 404, Subpart P, App. 1 § 12.04C. Plaintiff noted that he never sought treatment for

depression (Tr. 33) and the ALJ correctly noted that the record showed no treatment related to depression.  *Cf. Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (plaintiff failed to maintain consistent treatment pattern for alleged mental impairments).  In this respect, the ALJ correctly noted that Dr. Birmingham, a consultative examiner, concluded that Plaintiff's emotional display was incongruent with being depressed (Tr. 13, 211). Plaintiff has failed to show that his depression meets or equals Listing 12.04C and the Court finds that the ALJ properly evaluated the severity of his mental impairments.

Plaintiff also argues that his mental impairments meet or equal Listing 12.06C in that he suffers from anxiety and antisocial disorder.  Plaintiff, however, has not provided any evidence to show that he has a "complete inability to function independently outside the area of one's home."  See 20 C.F.R. Part 404, Subpart P, App. 1 § 12.06C.  Dr. Birmingham noted that Plaintiff "is fairly active socially and has had girlfriends in recent months" and the ALJ likewise noted that Plaintiff recently had a girlfriend (Tr. 13, 211). In fact, Plaintiff testified that he purchases methamphetamine "[t]hrough friends" and that he tried to find work in the month prior to the hearing (Tr. 30-31).  Plaintiff has failed to show that his mental impairments meet or equal Listing 12.06C and the Court finds that the ALJ properly evaluated the severity of his mental impairments.

Plaintiff also appears to argue that he meets the "'B' criteria" of Listings 12.04 and 12.06 in that his mental impairments have impacted his activities of daily living, he has an inability to function socially, he has an inability to maintain concentration, persistence, and pace, and he has episodes of deterioration of decompensation in work settings.  This

argument fails, however, as Plaintiff has not established "[m]arked restriction of activities of daily living," "[m]arked difficulties in maintaining social functioning," "[marked difficulties in maintaining concentration, persistence, or pace," or "[r]epeated episodes of decompensation, each of extended duration." See 20 C.F.R. Part 404, Subpart P, App. 1 §§ 12.04B, 12.06B. Among other things, Dr. Winston Brown completed a mental functional capacity assessment and found Plaintiff either not significantly limited or only moderately limited in maintaining social functioning and in maintaining attention and concentration for extended periods (Tr. 233). Plaintiff has failed to show that his mental impairments meet or equal Listings 12.04B and 12.06B and the Court finds that the ALJ properly evaluated the severity of his mental impairments.[3]

### III.

It is not the task of this Court to review the evidence and make an independent decision. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. *Id*. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Id*. The Court finds for the foregoing reasons that there is substantial evidence in the record as a whole which supports the decision of

---

[3] Plaintiff argues the ALJ failed to evaluate his allegations and complaints under the proper criteria, but the Court finds that the ALJ cited the proper regulations and considered the relevant credibility factors, even though the Eighth Circuit's opinion in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984), was not specifically cited. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001) (ALJ's failure to cite *Polaski* is not reversible error where the proper regulations were cited and the ALJ considered the relevant credibility factors).

the ALJ.  Accordingly, the Court affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.  Judgment will be entered accordingly.

IT IS SO ORDERED this 11th day of February 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE